No. 30,933.

John Unger et al., *Appellees*, v. Fluor Corporation, Ltd.,
*Appellant*.

(20 P. 2d 475.)

Opinion filed April 8, 1933.

*F. M. Harris,* of Ottawa, *Edward H. Coughlin* and *R. E. Coughlin,* both of Paola, for the appellant.

*William J. Wertz, Vincent F. Hiebsch, Forest V. McCalley,* all of Withita, and *Garrett Winkler,* of Paola, for the appellees.

The opinion of the court was delivered by

Smith, J.: This was an action to recover on two contracts. Judgment was for plaintiffs. Defendant appeals.

Plaintiffs are partners. They are engaged in the business of heavy trucking. Defendant is a construction company. It had the contract to build compression stations at Liberal and Louisburg. These stations require a great deal of trucking of heavy machinery. Plaintiff made a bid for the contract of doing the hauling for the Liberal job. It was as follows:

"Lumber, $1.50 per ton; rocks and sand, $1 per ton; cement, $1.25 per ton; pipe, valves and fitting, $2 per ton; corrugated iron, $2 per ton; structural steel, $2 per ton; heavy machinery, $2.50 per ton."

After this bid was made one of the partners met an officer of defendant at Liberal. Here it was pointed out by defendant that a switch track would be installed at Liberal. This track would have made the haul for the Liberal job only about one-fourth of a mile. After this conference the bid of plaintiffs was reduced fifty cents a ton on pipe valves and fittings; fifty cents on corrugated iron; fifty cents on structural steel; one dollar a ton on heavy machinery. An oral contract was consummated on that basis. Within a few days the work of hauling started from a town several miles away. The switch track was never built. Some days after the hauling had

started plaintiffs advised defendant that they could not haul the greater distance for the price named. At this time the defendant agreed to pay plaintiffs one dollar a ton over and above the price agreed upon for all hauling done from the greater distance. It was agreed that settlement would be made on this basis when the work was finished. It was the practice of plaintiffs to bill defendant every fifteen days for the hauling just done. Defendant would then send a check for the amount of the bill less ten per cent, which was retained. This check contained, among other things, the following statement:

"This check is in payment of items as per statement following: Indorsement of payee will constitute a receipt in full."

Then the following:

"In full of account less 10 per cent September 15, 1930, job 500, $402.60."

The last statement for hauling, which appears in the evidence, was a bill dated September 16 for an aggregate amount of $447.35. The check referred to was for this amount less the ten per cent.

The action was for the amount of the total tonnage hauled at one dollar a ton and for some other items. The petition alleged facts about as they have been detailed here. Defendants filed an answer in the form of a general denial and later filed a cross petition in which it claimed that plaintiff was indebted to it. At the trial of the case the court gave a directed verdict for the amount that the ten per cent amounted to and submitted the remainder to the jury. The jury returned a verdict for the entire amount claimed by plaintiffs. Judgment was entered accordingly. The court instructed the jury, among other things, as follows:

"The defendant offered in evidence a certain check, payable to the order of plaintiffs, which recited, in substance, that the same is payment in full for plaintiff's services, except said 10 per cent retained by defendant, and you are instructed that unless the plaintiffs accepted the same as payment in full for their services, that the statement on said check to the effect that the same is a payment in full for such services, less said 10 per cent, would not bind the plaintiffs to a final settlement with the defendants, for the plaintiffs would have the lawful right to cash said check and apply the same on any amount that was due and owing from the defendant to plaintiffs. However, if you shall find from the evidence in this case that the said plaintiffs did accept said check in full payment for their services, less the admitted 10 per cent, then they cannot later ask for any additional sum of the defendant on said contract."

Defendant argues that this instruction was erroneous. The jury answered special questions as follows:

"1. Do you find that an honest dispute existed . . . as to the amount, if any, due and owing from the defendant to the plaintiffs on September 25, 1930, not including the 10 per cent about which there is no dispute? A. Yes.

"2. Do you find that the defendant issued on September 25, 1930, a check payable to the Unger Truck Line in the sum of $402.60 which bore on its face the following language: 'This check is payment in full as per statement following: Indorsement of payee will constitute a receipt in full'; and also the following indorsement: 'In full of account less 10 per cent September 15, 1930, job 500?' A. Yes.

"3. If you answer question No. 2 above in the affirmative, state whether said check was indorsed and cashed by the payee and the amount of $402.60 received and retained by the plaintiff. A. Yes.

"4. Did the plaintiff, in cashing the check for $402.60, dated September 25, 1930, intend to accept said check as full and final payment for all claims against the defendant, Fluor Corporation, Ltd., with the exception of 10 per cent withheld? A. No."

Defendant argues that judgment should have been for it on the answer to special questions 1, 2 and 3 notwithstanding the general verdict, and that the fourth question should not have been submitted. Both of these questions may be discussed together. What the argument amounts to is that the indorsing and cashing of the check that has been described here by plaintiffs constituted an accord and satisfaction. Defendants argue that where there is a dispute between parties as to the amount owing from one to the other, the acceptance by one of a check for a lesser amount than was claimed constitutes an accord and satisfaction.

It will be seen from the instruction given and the question submitted that the court held to the theory that the acceptance of the check by the plaintiff for a lesser amount did not constitute accord and satisfaction unless the plaintiff intended to accept it as full and final payment. Under the circumstances of the present case the court was correct. The agreement with reference to the dollar a ton was that this was not to be paid till the job was finished. The record discloses that a check similar to the one discussed was paid to plaintiffs by defendant every fifteen days while the hauling was going on; each check referred to a statement which accompanied it. It was clearly for the payment of those items and only those. The dispute which existed on September 25, 1930, was not with reference to any of these items, nor did the check have any bearing on the

matter which was in dispute. At the time this check was tendered and indorsed plaintiff did not know that defendant would refuse to pay the extra dollar when the hauling was completed. After an examination of the record in this case we have reached the conclusion that the acceptance and cashing of the check described did not constitute accord and satisfaction.

The judgment of the trial court is affirmed.